IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JAMOHN A. NEAL,

    Plaintiff,

v.                                                 Civil Action No: 1:16-11365

FCI MCDOWELL, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this matter was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge submitted his proposed findings and recommendations ("PF&R") on July 20, 2017. In the PF&R, Magistrate Judge Aboulhosn recommended that the court grant defendants' motion to dismiss, or in the alternative, motion for summary judgment; deny plaintiff's motion to appeal under the Accident Compensation Act; dismiss plaintiff's complaint with prejudice as to defendants FCI McDowell and Goode; dismiss plaintiff's complaint without prejudice as to defendant Lambeth, and direct the Clerk to remove this matter from the court's active docket.

In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. Rather than filing objections, on August 4, 2017, Neal filed a "Motion to Appeal

under the act of 18 U.S.C. § 4126(c)(4)."  (ECF No. 33).
Included in this filing are medical bills, medical records, and
BOP documents related to Neal's injury.  Significantly, this
filing does not address the deficiencies noted by the PF&R.  This
court need not conduct a de novo review when a petitioner "makes
general and conclusory objections that do not direct the court to
a specific error in the magistrate's proposed findings and
recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.
1982).  Because Neal's filing does not direct the court to a
specific error in the magistrate's proposed findings and
recommendations, to the extent Neal has filed objections, such
objections are **OVERRULED**.

Furthermore, as the PF&R explained, this court is not the
proper forum to appeal the decision of a claims examiner under
the Inmate Accident Compensation Act ("IACA").  See ECF No. 32 at
p.27.  Indeed, even though Magistrate Judge Aboulhosn explained
the process for filing a claim under the IACA, see ECF No. 6 at
p.4, n.4, the record does not reflect that such a claim was ever
filed.  "The matter of awarding compensation of lost pay under
the IACA is a matter for determination by the prison authorities,
subject to the supervision of the Attorney General of the United
States."  Ellis v. Federal Prison Indus., 95 F.3d 54, 1996 WL
460035, at *2 (5th Cir. 1996) (noting that a "court's
jurisdiction is limited to reviewing a decision where a claim has

been filed in accordance with the cited regulations."). For all these reasons, to the extent plaintiff is seeking relief under the IACA, he has not shown such a claim is properly before this court. Accordingly, plaintiff's objections are **OVERRULED**.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby **GRANTS** defendants' motion to dismiss, or in the alternative, motion for summary judgment; **DENIES** plaintiff's motion to appeal under the accident compensation act; **DISMISSES** plaintiff's complaint with prejudice as to defendants FCI McDowell and Goode; **DISMISSES** plaintiff's complaint without prejudice as to defendant Lambeth; and **DIRECTS** the Clerk to remove the case from the court's docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 16th day of August, 2017.

>     ENTER:
>
>     David A. Faber
>     Senior United States District Judge